Per Curiam.
 

 The controversy in this cause is again, before the court on an appeal by The Ohio Bell Telephone Company from an order entered by the Public Utilities Commission subsequent to the judgment of this court modifying the previous order of the commission.
 
 City of Columbus
 
 v.
 
 Public Utilities Commission,
 
 154 Ohio St., 107, 93 N. E. (2d), 693.
 

 The previous order of the commission was affirmed except as to its action in including in the rate base-new or additional property which had been purchased as the result of excessive allowances for depreciation. The judgment of the court in the
 
 City of Columbus case
 
 was based upon the principles of law set forth in the syllabus. Paragraph six thereof, which is now particularly pertinent, reads as follows:
 

 “But such ‘depreciation reserve,’ to the extent that it exceeds the present or accrued depreciation of the utility property, if invested in new or additional property, may not be included in and treated as a part of.' the rate base.”
 

 The mandate issued in conformance with the judgment informed the commission that “it is ordered and adjudged by this court, that the order of said Public Utilities Commission of Ohio be and the same hereby is modified as to the determination of a proper rate base as indicated in the opinion rendered herein and, as so modified, is affirmed. It is further ordered and adjudged that the Public Utilities Commission so adjust the rates as to reflect such modification of the rate base.”
 

 Thereafter the commission, as of December 26,1950,
 
 *528
 
 entered an order purporting to carry into effect the judgment of this court. In determining the rate base and the schedule of rates as modified by the court’s judgment, the commission, in fixing the rate base for consumers in Ohio, admittedly used valuations which were not only not supported by the record but which even included interstate property. Being clearly erroneous and violative of the constitutional protection afforded the Bell company, the order of the commission is reversed and the cause remanded to that body with direction to determine the rate in accordance with the principles laid down in paragraph six of the syllabus of the
 
 City of Columbus case
 
 and the mandate issued pursuant to the judgment therein.
 

 The commission is in error in assuming that this court found the facts upon which a new rate base is to be determined. As has been stated many times this court does not substitute its judgment on questions of fact for that of the Public Utilities Commission but only determines and enunciates the principles ¡applicable to the issue presented. All controverted matters in this appeal having been fully disposed of in the prior case, the single duty and responsibility of the Public Utilities Commission is to eliminate from the rate base new or additional property purchased with excess depreciation reserves. The amount and value of such property and the amount by which depreciation reserves are excessive are questions of fact committed by law to the Public Utilities Commission.
 

 Order reversed and cause remanded.
 

 Weygandt, C. J., Zimmerman, Stewart, Middleton, Matthias and Hart, JJ., concur.
 

 Taut, J., not participating.